UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYAN A. LYNN,

       **Plaintiff,**

                                 Civil Action 2:18-cv-623
                                 Judge Michael H. Watson
   v.                              Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL SECURITY,

       **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Bryan A. Lynn ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability benefits, disability insurance benefits, and supplemental security income.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 7), the Commissioner's Memorandum in Opposition (ECF No. 13), and the administrative record (ECF No. 6).  For the reasons that follow, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

                                 **I.     BACKGROUND**

Plaintiff protectively filed his application for disability benefits and disability insurance benefits on February 13, 2013, alleging disability since June 9, 2010, and filed his application for

supplemental security income on May 31, 2013.  (R. at 286-87, 288-94.)  Plaintiff's claim was denied initially and upon reconsideration.  (R. at 114-22, 139-56.)  Plaintiff sought a *de novo* hearing before an administrative law judge.  Administrative Law Judge Jeffrey Hartranft (the "ALJ") held a hearing on March 27, 2015, at which Plaintiff, represented by counsel, appeared and testified.  (R. at 63-99.)  On July 23, 2015, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act; however, that decision was vacated by the Appeals Council on July 28, 2016, and the case was remanded to the ALJ for the ALJ's failure to evaluate and assign weight to various treating source opinions.  (R. at 189-93.)  On remand, the ALJ held a second hearing on October 12, 2017, at which Plaintiff, represented by counsel, appeared and testified.  (R. at 100-13.)  On November 15, 2017, the ALJ issued another decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 12-40.)  On April 27, 2018, the Appeals Council denied Plaintiff's request for review and affirmed the ALJ's decision.  (R. at 1-6.)  Plaintiff timely filed this action for review.  (ECF No. 1.)

      Plaintiff advances three errors in his Statement of Errors.  Specifically, Plaintiff asserts that remand is required because (1) the ALJ's decision is not supported by substantial evidence; (2) the ALJ failed to appropriately weigh the medical source opinion of a treating provider; and (3) the ALJ assigned "significant" weight to the opinion of the state agency psychologist but then failed to accommodate a limitation opined by the state agency psychologist in the RFC and failed to explain his reasons for doing so.  The undersigned concludes that Plaintiff's third contention of error has merit and warrants remand.  As such, the undersigned limits her discussion of the record to evidence bearing on that contention of error.

2

## II.     RELEVANT RECORD EVIDENCE

**A.     State Agency Psychologist**

On September 29, 2013, Dr. Carl Tishler, Ph.D., reviewed Plaintiff's records at the request of the state agency. Based upon his review of the record, Dr. Tishler opined that Plaintiff experiences various mental limitations that restrict his ability to work. Specifically, Dr. Tishler concluded that Plaintiff is moderately limited in his ability to understand and remember detailed instructions and to carry out detailed instructions, indicating he "may have some difficulty with details due to anxiety symptoms." (R. at 134.) In addition, Dr. Tishler determined that Plaintiff is limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. at 135.) Dr. Tishler elaborated that Plaintiff experiences "[a]nxiety symptoms and panic attacks [that] are moderate," and stated he "would work best in [a] non-stressful environment with routine duties." (*Id.*)

**B.     The ALJ's Decision**

On November 15, 2017, the ALJ issued his decision. (R. at 15-33.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff has not engaged in substantial gainful

---

1. Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?
   2. Does the claimant suffer from one or more severe impairments?
   3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of

3

activity since June 9, 2010.  (R. at 17.)  The ALJ found that Plaintiff has the severe impairments of degenerative disc disease of his cervical and lumbar spine, obesity, and affective and anxiety-related disorders.  (R. at 18.)  He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 18-19.) At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can stand and/or walk 15 minutes at a time and two hours total in a workday.  He must be allowed to change positions from sitting to standing, but only to the extent he would be off task no more than 5% of the workday in addition to normal work breaks.  He can occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl, but never climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds.  He must avoid workplace hazards such as unprotected heights and machinery.  He can perform simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes.  He can occasionally interact with coworkers and supervisors but never with the general public.

(R. at 21.)  In assessing Plaintiff's mental RFC, the ALJ assigned "significant weight" to the opinion of the state agency reviewing psychologist, Dr. Tishler.  (R. at 29.)  He found Dr. Tishler's assessment to be "generally consistent with and well supported by the totality of the

---

       Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

evidence." (*Id.*) Relying on testimony from a vocational expert, the ALJ found that Plaintiff is unable to perform his past relevant work, but that there exist jobs in significant numbers in the national economy that Plaintiff is able to perform. (R. at 31-32.) The ALJ therefore concluded that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (R. at 33.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.

5

1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

The undersigned concludes that Plaintiff's third contention of error has merit and warrants remand. Specifically, remand is required because the ALJ assigned significant weight to the opinion of state agency psychologist, Dr. Tishler, but failed to accommodate Dr. Tishler's opinion that Plaintiff should be restricted to a low-stress work environment in the RFC and failed to explain his reasons for doing so. Because this contention of error warrants remand, the undersigned declines to consider Plaintiff's remaining contentions of error, though the ALJ may consider them on remand as appropriate.

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). When considering the medical evidence and calculating the RFC, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not

6

interpret raw medical data in functional terms") (internal quotations omitted). An ALJ is required to explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96–8p, 1996 WL 374184, at *6–7 (internal footnote omitted).

Here, although ALJ assigned "significant weight" to the opinion of state agency psychologist Dr. Tishler, he failed to restrict Plaintiff to a low-stress work environment in the RFC, despite Dr. Tishler's opinion that such a restriction was necessary. The Commissioner maintains that the ALJ accommodated the need for a low stress-work environment by limiting Plaintiff to "simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes." (Op. 16, ECF No. 13.) The undersigned disagrees.

First, as this Court has before recognized, "the term 'low stress' is subject to multiple interpretations." *Seevers v. Comm'r of Soc. Sec.*, No. 2:14-cv-0051, 2015 WL 2131104, at *5 (S.D. Ohio May 7, 2015) (*comparing Huffman v. Astrue*, No. 2:10-cv-031, 2011 WL 1002096, at *5 (S.D. Ohio Jan. 24, 2011) (finding the claimant limited to "a low stress work environment defined as one free of fast-paced production or quota requirements and involving only simple, work-related decisions, with few, if any work place changes") with *Locket v. Comm'r of Soc. Sec.*, No. 3:13-CV-303, 2014 WL 5768571, at *1 (S.D. Ohio Nov. 5, 2014) (finding the claimant

7

limited "to low stress work, which in this case is defined as a relatively static work environment with only occasional changes in the work setting")). Indeed, different administrative law judges use the term "low-stress" to mean different things. *Compare Cluely v. Comm'r of Soc. Sec.*, 2013 WL 3976514, *1 (S.D. Ohio Aug. 1, 2013) (administrative law judge defined low-stress jobs as those having no production quotas and no fast paced work) with *Morgan v. Comm'r of Soc. Sec.*, No. 12-12021, 2012 WL 6553284, *6 (E.D. Mich. Nov. 28, 2012) (administrative law judge defined a low-stress work environment as one "requiring minimal changes in work tasks") and *Koster v. Comm'r of Soc. Sec.*, 643 F. App'x 466, 477 (6th Cir. 2016) (administrative law judge defined a low-stress work environment to mean one with no arbitration, negotiation, or confrontation; no responsibility for the safety of others; and no supervisory responsibilities) and *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 280 (6th Cir. 2009) (administrative law judge used the term to mean the claimant cannot work with the general public or have close contact with coworkers).

Even where an administrative law judge fails to explicitly state which restrictions in an RFC are intended to accommodate a need for a low-stress work environment, there is no error if the RFC clearly accommodates the particular limitations opined in the medical source opinion at issue. For example, in *Smith-Johnson v. Comm'r of Soc Sec*, the United States Court of Appeals for the Sixth Circuit acknowledged that "the ALJ did not expressly adopt [the provider's] statement that Smith-Johnson needs a 'very low stress environment,'" but the Court reviewed the relevant medical source opinion to discern why the plaintiff needed a low-stress environment and compared that with the RFC. 579 F. App'x 426, 438 (6th Cir. 2014). Specifically, the Court engaged in the following analysis:

8

> [Dr.] Koopman indicated in her report that Smith-Johnson performs well psychologically in structured situations or when interpersonal demands are low, but that Smith-Johnson has psychological difficulties when under stress. That leads to her recommendation of a low-stress environment. By limiting Smith-Johnson to 'simple, routine and repetitive tasks' and avoidance with interaction with the general public, the ALJ functionally limited Smith-Johnson to work in the identifiable situations in which she performs well psychologically.

*Id.* The Court cautioned that although the need for a low-stress work environment was accommodated by the RFC in that case, "it may not always be true that a RFC . . . limiting the claimant to simple, routine, repetitive tasks and avoiding contact with the general public will account for [a low-stress work environment]." *Id.* Similarly, in *Seevers*, *supra*, this Court concluded that the RFC assessed by the administrative law judge accommodated the provider's opinion that the plaintiff should be limited to a low-stress job where it was clear from the medical source opinion that he "equates Plaintiff's ability to handle stress to his ability to cop[e] with major changes in the work environment," and the RFC limited Plaintiff to a stable work environment with no changes in routine. 2015 WL 2131104, at *5.

Here, unlike the situation in *Smith-Johnson* and *Seevers*, the undersigned cannot conclude that the RFC assessed by the ALJ accommodates the limitations set forth in Dr. Tishler's opinion. Dr. Tishler opined that Plaintiff is limited in his ability to complete a normal workday and workweek and to perform at a consistent pace without an unreasonable number and length of rest periods, which led to the conclusion that Plaintiff "would work best in [a] non-stressful environment with routine duties." (R. at 135.) The RFC, however, imposes no corresponding pace- or production-based restrictions. Thus, it is not clear that the RFC assessed by the ALJ sufficiently accounts for the limitations opined by Dr. Tishler. Nor did the ALJ explain why he omitted a restriction for Plaintiff's impaired ability to handle stress, if that is what he intended to

9

do. Under these circumstances, the ALJ committed reversible error.

To be clear, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ accepts a particular opinion and states it is consistent with the record, he must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9-10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission); *Bookout v. Comm'r of Soc. Sec.*, No. 3:13-cv-463, 2014 WL 4450346, at *7 (E.D. Tenn. Sept. 10, 2014) (remanding case where, *inter alia*, "the ALJ adopted Dr. Fletcher's opinion in its entirety" but "ignored" certain limitations and stating that the ALJ "had a duty to explain" why she declined to adopt the limitations); *cf. Brown v. Comm'r of Soc. Sec.*, No. 1:14 CV 2479, 2016 WL 852528, at *3 (N.D. Ohio Mar. 4, 2016) (finding insufficient articulation in the ALJ's decision to support the RFC where "restrictions to simple, low stress and routine work with limited interaction with others d[id] not specifically address the exact limitation of a periodic loss of focus and the need for redirection, which limitations were found by medical opinions that . . . the ALJ concluded were 'supported by objective evidence.'"); *see also See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path

of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision").

In sum, the ALJ committed reversible error in assigning significant weight to the opinion of Dr. Tishler but then failing to accommodate the limitations opined by Dr. Tishler in the RFC and failing to explain his reasons for doing so. As such, it is **RECOMMENDED** that Plaintiff's contention of error be **SUSTAINED**.

## V. CONCLUSION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI. PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE