# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Bryan A. Lynn,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:18-cv-623

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

On March 1, 2019, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court reverse the decision of the Commissioner of Social Security and remand this case for further review pursuant to Sentence Four of 42 U.S.C. § 405(g). R&R, ECF No. 14. The Commissioner objects to that recommendation. Obj., ECF No. 15.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Commissioner's sole objection is that the R&R incorrectly concluded that the ALJ gave significant weight to the opinion of Dr. Tishler, the state agency psychologist, but failed to accommodate one of Dr. Tishler's opined limitations (or

give reasons for the failure to do so) in the ALJ's ultimate Mental Residual Functional Capacity ("MRFC") determination. See Obj., ECF No. 15. The Commissioner argues the R&R overlooks the fact that the ALJ explicitly accounted for the limitation at issue—the need for Plaintiff to work in a "non-stressful environment with routine duties," ECF No. 6-3 at PAGEID ## 175, 192—by limiting Plaintiff to performing "simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes." ECF No. 6-2 at PAGEID # 60.

The Court has reviewed de novo the record in this case, the Magistrate Judge's R&R, and the Commissioner's objection. The Court concludes that the Magistrate Judge correctly found that it is unclear whether the ALJ's MRFC limitation to "simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes," ECF No. 6-2 at PAGEID # 60, accommodated Dr. Tishler's opinion regarding a low-stress work environment.

Although the ALJ stated that his MRFC determination "accommodates low stress work," ECF No. 6-2 at PAGEID # 67, he accommodated against aggravation by high stress by limiting Plaintiff to "simple, routine, and repetitive tasks involving only simple, work-related decisions with few, if any, workplace changes." Id. at PAGIED # 64. The ALJ stated that this MRFC limitation is consistent with the opinions of Drs. Tishler and Sours, whose opinions, in turn, the ALJ states "are generally consistent with the totality of the evidence . . . which

reflects that the claimant repeatedly demonstrated . . . no difficulties in . . . concentration, persistence, and pace." *Id.*

But, Dr. Tishler's opinion that Plaintiff required a low-stress environment was based on two noted limitations. Dr. Tishler opined that Plaintiff was moderately limited in *both* his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms" and was further moderately limited in his ability "to perform at a consistent pace without an unreasonable number and length of rest periods." ECF No. 6-3 at PAGEID # 192. By inaccurately stating that Dr. Tishler's opinion was consistent with other evidence finding that Plaintiff had no limitation in persistence or pace, the ALJ appears to have missed that pace limitations were one of the bases supporting Dr. Tishler's ultimate low-stress recommendation. Therefore, even though the ALJ adopted the "simple, routine, and repetitive tasks . . ." limitation, it is not clear whether the ALJ determined that such an MRFC limitation accommodated for Dr. Tishler's pace limitation or whether the ALJ rejected Dr. Tishler's specific pace limitation and determined merely that the MRFC limitation accommodated Dr. Tishler's remaining basis for a low-stress environment: the moderate limitation in completing a workday and workweek without interruptions from psychologically based symptoms. Accordingly, the case should be remanded for clarification.

The R&R is **ADOPTED AND AFFIRMED**. The Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further consideration, consistent

with the R&R, in accordance with § 405(g). The Clerk shall enter judgment for Plaintiff and terminate this case.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT